State v. Holt.

THE STATE, TO THE USE OF GRIFFITH *et al.*, Respondents,
**v.** HOLT *et al.*, Appellants.

1. A judgment rendered by a probate court against an administrator, requiring him to pay over to the distributees a certain sum of money as assets of the intestate's estate, is, in the absence of fraud or collusion, conclusive upon the securities of the administrator in a suit on his official bond.

*Appeal from Hannibal Court of Common Pleas.*

*Allen, Green,* and *Harrison,* for appellants.

*Dryden,* for respondents.

I. The judgment of the county court was conclusive upon the administrator and upon his securities. (1 J. J. Marsh. 176 ; 7 Barr, 265 ; 5 Indiana, 204 ; 20 Pick, 58 ; Rapelye v. Prince, 4 Hill, 123.)

NAPTON, Judge, delivered the opinion of the court.

The plaintiffs, as assignees of the distributees of Nancy Wilson, deceased, obtained an order on the county court of Marion county for distribution to them, by the administrator, of a certain sum of money as assets of the estate ; and upon an appeal to the circuit court this order was confirmed. This suit was against the administrator and his securities for a breach of his official bond in not paying over according to said order or judgment ; and the question was, whether the securities were bound by the judgment, or were at liberty to show that the administrator had no assets in his hands, notwithstanding the judgment aforesaid.

The civil law regarded the relation of principal and surety as creating such a privity of interest as made the surety responsible for whatever bound the principal ; but the security was allowed to contest the liability of the principal in any action against the latter, and to appeal from the judgment, if it was unfavorable. (6 Johns. 158 ; Pothier, part 4, ch. 3.) The general rule of the common law is undoubtedly otherwise. A

judgment by the common law binds only parties and privies—privies in blood, in estate or in law; and as a security has no opportunity of contesting the propriety of a judgment against his principal, nor of appealing from it after it is rendered, he is not in general bound by it. Hence, in North Carolina, in the case of Kellar v. Bowell & Campbell, 4 Hawks, 37, the supreme court of that state decided that a recovery against a guardian was not even evidence against their securities in an action brought against them on that judgment to subject them on their bond for the default of their principal; and in McBride v. Clark, 2 Hawks, 43, the same court determined that the record of a recovery by a creditor of an intestate against his administrator was inadmissible as evidence in a suit by the creditor against the securities. So in Beal v. Beck, 3 Har. & McHen. 242, the supreme court of Maryland decided that in debt upon a sher iff's bond against a security, a judgment against the sheriff for the same cause of action was no evidence against the surety. In Drummond v. Ex'r of Prestman, 12 Whea. 515, the supreme court of the United States, in the case of a guaranty, held that a judgment confessed by the principal was *prima facie* evidence against the security in an action against him on his guaranty. Disapproving the decision of Beale v. Beck, they still admit that the judgment in that case against the sheriff would not be conclusive against his securities. In Pennsylvania, the decrees of their orphans' courts are held conclusive against the securities of the administrator; but the courts have construed the statutes there as allowing the sureties to appeal from decrees against their principal, and, if they so desire, to become parties in the original proceedings in the orphans' court. (Garber v. Commonwealth, 7 Barr, 265.) In Massachusetts, the case of Heard v. Lodge, 20 Pick. 53, decides that a judgment against an administrator was conclusive in a suit against him and his securities for failing to pay it, unless the securities could show that it was obtained by fraud or collusion. The court says that the duty the securities have assumed is, " that their

principal will pay on demand all debts ascertained by order of a court of law against him as administrator, if the estate be solvent. His failure to make payment is a breach of the bond. This opinion was followed by the supreme court of Indiana, in 1854, in Solyer v. The State, on the relation of Taynor, 5 Porter, 203. In Kentucky, the same principles was held in Hobben & Churchill v. Middleton, 1 J. J. Marsh. 179. The court of appeals say: " The responsibility of securities being incidental and collateral to that of the principal, a judgment in favor of a creditor against the administrator concludes the securities as to the existence and character of the debt thus ascertained, and can not be questioned or reviewed in a suit on the official bond." In Virginia, the court of appeals, in the case of Munford v. Overseers of the Poor, 2 Rand. 315, held, that a judgment against the sheriff was not conclusive in an action against his securities. But, in that case, Judge Green, in commenting on the case of Braxton v. Winslow, 1 Wash. 31, intimated his opinion that a judgment against an *executor*, so far as it went to establish a demand against the estate, could not be controverted by the sureties in a suit on his official bond, for the reason that the judgment, whether right or wrong, until reversed, bound the assets, and by the statute the executor was bound to apply the assets to the payment of said judgment; and his failure to do so might well be regarded a forfeiture of the bond, the condition of which was that the executor should administer the assets *according to law*.

These cases are sufficient to show that the courts of this country have not been very uniform in their application of admitted principles to different cases as they have arisen. The diversity may however, to some extent, be attributed to different kinds and degrees of liability which securities have assumed; for, although the relation of principal and security existed in all these cases, yet the character of responsibilities assumed in each may have been, and certainly in some of them were, very different. Thus, the Virginia court, although holding that a sheriff's securities might impeach a

judgment against their principal in a subsequent suit on that judgment against them, still seem to concede that it would not be so in an action against the securities of an executor, for the reason that their undertaking was that the executor could pay all judgments against the estate so far as there might be assets in his hands. And the case in Massachusetts, 26 Pick. 53, is also based upon the construction of the executor's bond, which in its terms was very similar to ours. Allowing for these differences, there is still, it must be conceded, a wide gap between the decisions in North Carolina, which hold these judgments against the principal no evidence at all in a suit against the securities, and those in Kentucky and Massachusetts and Indiana, which declare them to be conclusive.

The condition of the bond sued on in this case is, in accordance with our statute, that " the said Armstrong should faithfully administer said estate, account for, pay and deliver all money and property of said estate, and perform all other things touching said administration *required by law, or the order or decree of any court having jurisdiction.*" This is the contract into which the securities have entered. There is no reason why parties should not be allowed to obligate themselves to abide by the result of a suit between others, and if the contract in this case can be fairly construed as imposing such an obligation, there is no hardship in enforcing it. Such an obligation does not arise out of the mere relation of principal and surety, but springs from the express stipulations of the enactment. Thus, where a mortgagee sold his mortgage and covenanted with his assignee that it should produce upon foreclosure a certain sum of money, and, if it did not, he should make up the deficiency ; the court held the decree of foreclosure and the amount found due in that decree conclusive upon the mortgagee, although he was no party to the proceeding. (Rapelye v. Prince, 4 Hill, 121.)

The plaintiffs here show an order or judgment of the county court of Marion county for a specific sum of money, which

the court find and adjudge to be assets of the estate of Wilson in the hands of the administrator, and which they order to be paid over to the plaintiffs as assignees of the distributees of that estate.   They allege that the administrator has not paid this sum in accordance with the order of the county court.   The defendants admit the judgment and admit that the administrator has not paid the money, but they propose to show that this order or judgment of the county court was wrong ; that, in fact and truth, the administrator had no assets in his hands.   In other words, they propose to try over the very questions of fact and law determined in the county court, upon the ground that they were not parties to this proceeding, and without any allegation of fraud or collusion in obtaining the judgment.   Our conclusion is, that sound public policy and the practical attainment of justice will be best subserved by letting the judgments of the county or probate courts be conclusive on the securities, except in cases where fraud or collusion is shown.

Judgment affirmed ; Judge Richardson concurring.  Judge Scott absent.