State, to use of Peppler, Adm'r, etc., v. Scholl et al.

STATE, TO USE OF CHARLES PEPPLER, ADMINISTRATOR *de bonis non*, etc., Respondent, *v.* JOHN SCHOLL *et al.*, Appellants.

1. *Administration — Sale without order of court — Receipts, evidence touching.* — In suit brought against the sureties on the bond of an administratrix for failure to account for and pay over the assets of the trust estate, evidence showing the sale of the estate and amount of proceeds received would be competent, although it further appeared that the sale was without the order of court and unauthorized; and she should be charged with the amount so received.

### *Appeal from St. Louis Circuit Court.*

*F. & L. Gottschalk,* for appellants.

The court erred in admitting in evidence the sale of the personal property and the assignment of the lease by M. Peppler, as administratrix, because said sale was void — it not being authorized by the Probate Court — and the administratrix had no power to sell at private sale without authority from the court. The petition by her to the Probate Court for leave to sell was not granted, as appears of record. (Wagn. Stat. 88, § 38; *id.* 89, § 45.)

*Woerner & Kehr,* for respondent.

Having made the sale and received the proceeds, the administratrix could not question the sale.

CURRIER, Judge, delivered the opinion of the court.

Minna Peppler administered upon the estate of Caspar Peppler, and this suit is brought against the defendants as sureties upon her administration bond. The breach of the bond complained of consists in an alleged failure of the administratrix to account for and pay over the assets of the estate according to law.

It appears that the administratrix, after her appointment, returned into court an inventory of certain personal effects; that in June, 1866, she petitioned the court for leave to sell at private sale a certain leasehold belonging to the estate, together with a saloon and fixtures connected with the leasehold, and that she sub-

sequently, and without waiting for the action of the court upon her petition, sold the property, including the good-will of the establishment, for $1,750, which was paid to her in cash. It further appears that she soon after married and left the State, without rendering any account of her administration, and that she never in fact accounted for any of the assets which came to her hands— the leasehold, saloon, etc., constituting the great bulk of the estate. There seems to be no serious dispute about these facts, but the defendants object that said sale was illegal and unauthorized, the Probate Court never having acted upon the administratrix's petition. Assuming the invalidity of the sale, the defendants insist that the evidence in proof of the sale and of the receipt of the $1,750 should have been excluded.

The administratrix assumed control of the property in question and converted it to her own use, and never accounted for either the property or its proceeds. It is not perceived that her unlawful acts can be interposed to shield her or her sureties from liability. The sale was evidence conducing to show the value of the property converted, as well as the fact that a given amount of money came to the hands of the administratrix in her representative character. If she is only charged with the amount of money actually received, neither she nor her sureties have any just ground of complaint. The evidence was competent and was properly admitted.

Some other questions have been adverted to, but I do not deem it important to review them. The record shows no substantial error to the prejudice of the defendants. In any aspect of the case the verdict was moderate, and I think the judgment should be affirmed. The other judges concur.