# THE SUPREME COURT

OF

## THE STATE OF MISSOURI.

### JANUARY TERM, 1875, AT JEFFERSON CITY.

#### (CONTINUED FROM VOL. LVIII.)

---

STATE *ex rel.* JNO. F. RUCKER, *et al.,* Defendants in Error, *vs.* JAMES E. RUCKER, *et al.,* Plaintiffs in Error.

1. *Administratrix—Letters of not revoked by non-residence—Final settlement of co-administrator will have that effect, when—Sureties liable for default of co-administrator, etc.*—The removal from the State of an administratrix will not of itself revoke her letters. An order or judgment of some sort, of the court having charge of the estate, is necessary for that purpose. (Administration Act, Art. I, §§ 8, 45.) But the final settlement of a co-administrator during her non-residence, and the order of court approving the same and completely ignoring her, and the order of distribution, in the absence of any appeal from the settlement, and in a collateral proceeding, will have the force and effect of such order of revocation.

In such case the sureties on the joint bond will be liable for the default of the co-administrator during his separate administration.

2. *Practice, civil—Motion for new trial—Points not referred to in, not afterwards reviewable.*—Points not specially brought to the attention of the lower court on motion for new trial, will not be reviewed in the Supreme Court.

2—VOL. LIX. 17

*Error to Howard Circuit Court.*

*Turner & Cupples with Thomas Shackleford and J. B. Clark & Son,* for Plaintiffs in Error.

I. Mrs. Rucker's removal from this State did not of itself revoke her letters of administration. (Wagn. Stat., 72, § 8.) Whether she had in fact so removed as to justify a revocation, and the divesting of her rights and duties, could only be determined by the designated court in a direct proceeding for the purpose. (Wagn Stat., p. 75, § 35; p. 76, § 42.)

II. Mrs. Rucker's letters not being revoked, (Wagn. Stat., 77, § 45) however it may be construed, is not applicable to this case.

III. The sureties did not bind themselves for the separate administration of James E. Rucker, and are not responsible for his acts as sole administrator. (State to use, &c. vs. Boon, 44 Mo., 262.) Though co-administrators may in many things act separately, a final settlement having the force of a judgment, must be made by them jointly.

IV. The 6th declaration of law asked ought to have been given. (Jacobs vs. Hearst, 12 Mo., 365.) It is immaterial whether the assets were in the hands of Mrs. Rucker or of her co-administrator. In either case, in point of law, she was in possession, and this possession passed from her as administrator, to her as guardian. (Dobyns vs. McGovern, 15 Mo., 662.)

*Herndon, with Lay & Belch, and Adams,* for Defendants in Error.

I. The letters of Amanda K. Rucker were revoked by operation of law when she became a non-resident, and no action of the County Court was necessary. (Wagn. Stat., 72, § 8; Chouteau's Exr. vs. Burland, 20 Mo. 482.)

II. James E. Rucker then became sole administrator, and the sureties were bound by all his acts and by his final settlement. (Wagn. Stat., 77, § 45 ; State to use vs. Boon, 44 Mo., 254; Dobyns vs. McGovern, 15 Mo., 662.)

III. Amanda K. Rucker was made guardian after becoming a non-resident, and after her letters of administration were revoked, and after the final settlement by James E. Rucker, and the estate was not in law or in fact in her hands when she became guardian. And hence the sureties were not released by her qualification as such.

IV. The sureties were liable for the acts of James E. Rucker, although acting as sole administrator. If not, there is no protection for parties interested in estates when there are more administrators than one, and part resign or become non-resident.

Hough, Judge, delivered the opinion of the court.

This is an action to the use of John F. Rucker and Georgie Rucker, minor heirs of Franklin H. Rucker on a bond to the State of Missouri in the sum of six thousand dollars, executed by Jas. E. Rucker as administrator, and Amanda K. Rucker, as administratrix of the estate of Frank H. Rucker, deceased, as principals, and Jane Williams, Asa Thompson and Dabney C. Garth as sureties. The bond is dated August 31, 1866, is in the usual form, and contains all the conditions required by law.

The amended petition on which the cause was tried, recites the guardianship of C. E. Pickett, and alleges substantially, that on the execution of said bond the said Amanda and the said James E. Rucker became administrators of said estate, and took charge thereof; that the said James E. Rucker, as administrator, took charge, possession and control of the whole of said estate; that on or about the 1st day of October, 1868, the said Amanda K. Rucker removed out of the State of Missouri and became a non-resident thereof, and thereby her letters of administration were revoked, and all her powers as administratrix ceased, and the said Jas. E. Rucker became and was the sole administrator of said estate, and had in his hands, possession and control of the whole thereof, and continued to administer the same. The breaches assigned were, that the said Jas. E. Rucker did not faithfully administer said estate according to law and the condition of said bond; that

at the February term, 1870, of the County Court of Howard county he made a final settlement of said estate, on which settlement there was found to be in the hands of said Rucker, and due said estate, the sum of $1,373.51, which sum was by the said County Court ordered to be distributed, and that said Jas. E. Rucker had failed and neglected so to do, and had converted the same to his own use; that the said John F. and George Rucker were the only children and heirs of said Franklin H. Rucker, who died intestate, and that they were entitled to the whole amount found due on said final settlement.

The sureties filed a separate answer, admitting the execution of the bond, and putting in issue the other allegations of the petition. Defendant, Rucker, filed an answer admitting the execution of the bond, the making of the final settlement and the order of distribution, denying all other allegations of the petition, and alleging that immediately after the said final settlement he paid over the amount due on said settlement to Dabney C. Garth, who was duly authorized by Amanda K. Rucker, then guardian of the infant relators, to receive the same; which allegations were denied by the replication of plaintiff.

The action was originally commenced by Amanda K. Rucker, as guardian of the infant relators. During the progress of the cause, she married one England, and the name of C. D. Pickett was substituted as guardian. The cause was tried by the court without the aid of a jury. Plaintiff read in evidence the deposition of Amanda K. England, taken in Texas in 1872, which stated that before her second marriage her name was Amanda K. Rucker; that prior to February 1st, 1868, she lived in Howard county, Missouri, and at or about that date, removed to Ellis county, Texas, where she has ever since resided; that she was the mother of the infant relators, Georgie Rucker and John F. Rucker, who were then aged respectively 11 and 12 years, and were the only children and heirs of Franklin H. Rucker, deceased, her former husband; that James E. Rucker took charge of the whole estate

and only paid her the amount due to her as widow, and that the whole of the remainder of the estate due from James E. Rucker was due to her two children; that no part of the amount due to them had ever been paid to her by Dabney C. Garth, or any one else; that said Garth wrote to her about two years before that time, to become guardian of her two children, or have some one else appointed.

Plaintiff then read in evidence the appointment of Amanda K. Rucker, by the District Court of the county of Ellis, and State of Texas, as guardian of the estate of the infant relators, her oath faithfully to discharge her duties as such guardian, and her bond in the sum of $3,000, with two sureties, all dated in December, 1870, together with the certificates of the clerk and judge thereto as required by act of congress in such cases; also the appointment by the same court of C. D. Pickett as guardian of the persons and estate of said infant relators; his oath as such guardian, and his bond in the sum of $2,800, with two sureties, all dated May, 1872, together with the certificate of the clerk and judge of said court, according to act of congress in such cases.

Andrew J. Herndon testified that sometime in the fall of 1870, he had a conversation with defendant, Garth, in which Garth asked him the amount due on J. E. Rucker's final settlement, and stated in substance that the heirs lived in Texas; that he would write and have a guardian appointed, and pay the money that he knew he would have to pay as one of the sureties on the bond.

A certified copy of the final settlement was then read in evidence, showing the balance in the hands of Jas. E. Rucker as administrator to be $1,373.51. The certificate of the clerk shows this settlement to have been filed in his office February 10, 1870. The copy of notice of final settlement in usual form, was also read, and the order of the court approving the settlement, and directing the administrator to distribute the balance of the estate in his hands to the distributees of the deceased. Objections were made by the defendants at the proper time, and exceptions saved to the admission in evidence of that

portion of the deposition of Amanda England, relating to her removal from the State of Missouri, and her residence in Texas, on the ground that it was irrelevant; also to the transcript and certificates from the State of Texas, showing the appointment of Mrs. Rucker as guardian, on the ground that they were irrelevant and constituted no authority to her to receive or to Rucker to pay to her the shares of the relators; also, to the transcript and certificates showing the appointment of Pickett as guardian, on the ground that they were irrelevant and having been made in the State of Texas, did not authorize him as such guardian, to prosecute this suit; also, to the whole of Herndon's testimony, on the ground that it was incompetent and irrelevant; also, to the reading of the copy of the final settlement and order of distribution, on the ground that the non-residence of Amanda Rucker did not, of itself, revoke her letters of administration; that such letters had not been revoked. by any court of competent jurisdiction or otherwise; that Jas. E. Rucker had no right to act as sole administrator of said estate, and the sureties on the bond in suit were not liable for his acts as sole administrator; and a settlement made by him in that capacity was not evidence against them.

The following declarations of law were then asked by the defendants:

1. The plaintiff has not proven facts sufficient to authorize a judgment against the defendants in this action, and the finding must be for the defendants.

2. There is no evidence that Amanda K. Rucker's letters of administration were revoked at or before the making of the alleged final settlement by Jas. E. Rucker, and the defendants, Williams, Garth and Thompson, are not bound by said final settlement, and the same is no evidence against them and must be disregarded.

3. The alleged fact of Amanda K. Rucker becoming a non-resident of the State of Missouri, did not of itself, without any action of the proper court, revoke her letters of administration or authorize Jas. E. Rucker, to act as sole adminis-

trator, and the defendants, Williams, Garth and Thompson are not liable for his acts as such sole administrator, and the finding must be for the defendants.

4. There is no evidence that the mother and natural guardian of the relators of the plaintiff, had, before the commencement of the suit, given bond and qualified according to the laws of this State, so as to authorize the payment of the shares of said relators to her by the administrator of said estate; and the failure to pay their shares to them while they were minors, or to their natural guardian, without her giving such bond, constitutes no breach of the condition of the bond sued on, and the finding must be for the defendants.

5. The defendants, Williams, Garth and Thompson, are not liable on the bond sued on, for the acts or derelictions of James E. Rucker, while assuming to act as sole administrator of the alleged estate, nor did any failure of his to faithfully administer said estate as sole administrator thereof, constitute any breach of the condition of said bond, and the finding must be for these defendants.

6. If Amanda K. Rucker, one of the alleged administrators of the estate, was duly qualified as guardian of the estate of the relators of the plaintiff, at or after the alleged final settlement, the share of said relators in the assets of said estate in the hands of said Amanda and her co-administrator, passed by operation of law to her as such guardian, and her securities in the bond sued on, are not liable therefor in this action.

7. There is no evidence that C. D. Pickett was qualified as guardian of the relators of the plaintiff, according to the laws of this State, so as to authorize him to prosecute this action.

8. The evidence as to what was said by defendant, Garth, to A. J. Herndon is irrelevant and should be disregarded.

All the foregoing instructions were refused. No instructions were asked by the plaintiff, and none were given by the court. The finding of the court was for the plaintiff, and judgment was rendered against the defendants for the penalty of the bond and the damages were assessed at $1,605 68. Defendants filed motions for a new trial and in arrest, which

were overruled, and they now bring the case here by writ of error.

It must be conceded that the non-residence of Mrs. Rucker could not, of itself, work a revocation of her letters of administration. An order or judgment of the County Court of Howard County of some kind was necessary to produce that result. The difference in the phraseology employed in sections eight and thirty-four of the 1st article of the statute on administration, supports this conclusion. By the terms of the latter section, the marriage of any executrix or administratrix, *ipso facto* extinguishes her power, though as a matter of direction an order of revocation is required. Not so in the eighth section. It is not provided in that section that the non-residence of the administrator shall extinguish his power, but the court is required, on ascertaining the non-residence, to revoke the letters. Whether these different provisions resulted in the one case from motives of public policy, and the fact that the nature of the disqualifying act is of such a character that it renders easily ascertainable the precise period of the extinguishment of the power, while in the other the fact of residence or non-residence would, in many instances, largely depend upon the circumstances attending the absence of the administrator from the State, and should therefore be judicially determined, it is not necessary to inquire. Certain, it is, that a distinction is made by the statute between the two cases.

The next inquiry is, whether the final settlement of Jas. E. Rucker, the order approving the same, and the order of distribution, can be allowed to have the force and effect of an order of revocation. However irregular it may have been for the County Court to have entered upon a final settlement with Jas. E. Rucker alone, without having previously revoked the letters of Amanda Rucker, the settlement and order of distribution were made and remain in full force and unappealed from. This settlement is in effect a judgment, and being valid until set aside or reversed, it cannot be successfully assailed in this action. By the stipulations of their

bond their sureties obligated themselves to the performance of whatever should be required of Jas. E. Rucker as well as Amanda Rucker, by law or the order or decree of any court having jurisdiction, and to adopt the language of this court in the case of the State vs. Kost, (27 Mo., 340) "Sound public policy and the practical attainment of justice will be best subserved by letting the judgments of the County or Probate Courts be conclusive on sureties, except in cases where fraud or collusion is shown." Here then we have a judgment of the County Court of Howard county that Jas. E. Rucker had in his hands the sum of $1,373 51 assets of the estate of Franklin E. Rucker, deceased, which he was ordered to distribute to the distributees of the deceased, who are shown by the testimony of Mrs. England to be the relators in this action. This judgment does not find said assets to be in the hands of Amanda Rucker and Jas. E. Rucker, but in the hands of Jas. E. Rucker alone; it does not direct Amanda Rucker and Jas. E. Rucker to make distribution, but Jas. E. Rucker alone. Amanda Rucker had, at that time, removed from Howard county, and was a resident of the State of Texas, and this order recognizes her disqualification by ignoring her as administratrix, and by its terms excludes her from any participation in the duties remaining to be performed, and thus amounts to a virtual revocation of all her power and authority as administratrix.

The testimony shows that Amanda Rucker did not become guardian of the relators until December, 1870, and as prior to, and at that time, the assets of the estate were in fact and in law, in the hands of Jas. E. Rucker, as sole administrator, there could be no transfer by operation of law of such assets to her as guardian.

But it is contended by the plaintiffs in error, that they did not bind themselves for the separate administration of Jas. E. Rucker, and they are not responsible for his acts as sole administrator, and we are referred to the case of the State to use of Watts vs. Boon, (44 Mo., 262,) as supporting this view.

State ex rel. v. Rucker, et al.

In that case it appears that Evalina Watts and W. C. Boon were authorized by special act of the legislature to make sale of certain lands belonging to the estate of Benjamin Watts, deceased, of which they were respectively administratrix and administrator. By the terms of the act they were required before making any sale, to give bond and security for the proper application and distribution of the proceeds of the sales, which they did. Mrs. Watts married, and thus ceased to be administratrix, and an amendatory act was passed by the legislature authorizing Boon alone to make sale and conveyance of said lands under the provisions of the original act, and confirming all sales made by him after the marriage of Mrs. Watts. No additional bond was required by the amendatory act and none was given. The proceeds of the sales not having been accounted for, suit was brought on the bond of Mrs. Watts, Boon, and the sureties. It was decided that the sureties were not liable for the sole acts of Boon on the ground that the power conferred by the original act, was given to them *nominatim* as individuals and not in any representative capacity. In the discussion of this point the court say, "If the act be so construed as to confer upon the administrators of B. Watts, deceased, the power to sell the real estate in their official capacity, as administrators, then the liability of the sureties is unquestioned. If, however, it conferred upon them a mere naked statutory power, giving them power to sell simply as individuals, it amounted to a personal trust and the act of one will not hold the securities. By the statutory law of this State, if there be more than one executor or administrator of an estate and the letters of part of them be revoked, or surrendered, or a part die, those who remain shall discharge all the duties required by law respecting the estate. And when the sole administration devolves on one administrator, in consequence of the death or other disability of a co-administrator, the law contemplated that state of things, and the obligation of the bond will not be impaired." (See Dobyns vs. McGovern, 15 Mo., 662.)

Doss v. Mo., Kas. & T. R. R. Co.

It will thus be seen that the case relied on is not an authority for holding the sureties in this case to be discharged, but on the contrary establishes their liability. Under this view, the court committed no error in admitting the final settlement, and order of the County Court, and the evidence of Mrs. England, and in refusing the second, third, fifth and sixth instructions asked by the defendant.

The transcripts from the State of Texas showing the appointment and bonds of Amanda Rucker and C. D. Pickett were properly admitted under section 39 (Wagn. Stat., p. 678), in relation to guardians and curators.

The first, fourth, and seventh instructions were therefore properly refused, as also the eighth, which was on a point wholly immaterial. Some question was made as to the allowance of interest, but that point was not specially brought to the attention of the trial court, in the motion for new trial, and will not be reviewed here. The judgment is manifestly for the right party, and it will be affirmed. Let the judgment be affirmed.

The other judges concur except Judge Vories, who is absent.