THE STATE TO THE USE OF RANNEY, ADMINISTRATOR &C.,
PLAINTIFF IN ERROR V. GREEN, ET. AL.

**Administrator de bonis non:**   PLEADING.   In a suit by an administrator *de bonis non*, the petition showed that the estate had, prior to his appointment, been under the charge of two administrators, and that the letters of one of them had been revoked, but it failed to show that the letters of the other had been revoked, or his administration had been otherwise brought to a close.   *Held*, that this omission rendered the petition fatally defective.   For aught that appeared, the estate was still under the charge of the former administrator, and plaintiff as administrator *de bonis non*, had no right to recover.

*Error to Scott Circuit Court.*—HON. D. L. HAWKINS Judge.

*Houck & Ranney* for plaintiff in error.

*Lewis Brown* for defendant in error cited, *Dodson v. Scroggs*, 47 Mo. 287; *State v. Matson*, 38 Mo. 489; *Post v. Caulk*, 3 Mo. 35; *Frye v. Kimball*, 16 Mo. 9.

NORTON, J.—This is a suit brought for the use of John H. Ranney as administrator *de bonis non* of the estate of Harriet Williams, upon the bond of defendant Green as former administrator of said estate.   It is objected here that the petition is insufficient to support any judgment in favor of plaintiff because it does not allege that defendant Green had ever been appointed administrator of said estate, and because it alleges that Alexander Waugh was a co-administrator with defendant and does not allege that the letters of said Waugh had ever been revoked.   The petition nowhere alleges in terms the appointment of Green as the administrator of Harriet Williams.   It starts out by al-

leging that defendant, in 1860, on the 30th day of May, as principal, with others as securities, naming them, executed and filed in the office of the judge of the probate court of Scott County, their bond, signed with their seals, wherein and whereby they acknowledged themselves held and bound to the state of Missouri in the sum of $2,000, for the payment of which they bound themselves, their heirs &c., upon condition that said bond should be void if the said Green as administrator of the estate of Harriet Williams deceased should faithfully administer said estate as such co-administrator, account for and pay and deliver all moneys and property of said estate that might come into his hands, and perform all other things touching his administration. As a breach of said bond it is alleged that said Green did not faithfully administer, account for and pay over all moneys coming to his hands, in this, that he received from his co-administrator of the said estate of Harriet Williams, "Alexander Waugh, the sum of $1,348.35,  *  *  which said several sums of money came into his hands as co-administrator, as aforesaid, which he failed to account for and pay over." It is further alleged that Green's letters of administration as co-administrator, had been revoked, and that plaintiff, Ranney, had been appointed administrator *de bonis non* of said estate, and was entitled to receive of said Green the unadministered assets of said estate. If the petition alleges at all that Green was administrator of the estate of Harriet Williams, it alleges him to be only co-administrator with Alexander Waugh. The allegations in regard to the bond show that he executed it as co-administrator. The allegation as to the first breach assigned is that he received from his co-administrator, Alexander Waugh, $1,348.35. The allegation as to his failure to account and pay over was as co-administrator. The pleader thought it necessary to allege in the petition that the letters of Green as co-administrator had been revoked by the proper court before the right of that court could arise to appoint an administrator *de bonis non*. What became

of the letters of his co-administrator? We think it was equally necessary for him to have averred that the letters of the co-administrator, Waugh, had been revoked, or that he had died, resigned or made a final settlement and been discharged. None of these allegations are made, and for aught that appears on the facts stated, Waugh is now the sole administrator, the letters of Green having been revoked. A county or probate court has no power to appoint an administrator *de bonis non* of an estate while there is already an acting administrator. We think that the petition in alleging Waugh to be co-administrator with Green and failing to allege the revocation of his letters, death, resignation or discharge by the court, shows conclusively that plaintiff, as administrator *de bonis non,* has no right to recover. *State ex rel. v. Rucker,* 59 Mo. 24. Judgment affirmed, with the concurrence of the other Judges.                        AFFIRMED.