### DIX v. MORRIS, *Appellant.*

I.   **Executor's Final Settlement Conclusive on his Sureties.** An order of the probate court made upon a final settlement, ascertaining a balance to be due from an executor and directing him to pay it over, is conclusive against his sureties in an action on his bond, (*following*, *State v. Holt*, 27 Mo. 340; *State v. Rucker*, 59 Mo. 17.)

2.   **Liability of Executor Administering on Real Estate.** Although the general principle is that the realty descends to the heir, and the executor has nothing to do with it, except in case of deficiency of assets; yet, when, as matter of fact, he assumes control of it and collects the rents, or when the will gives him authority to sell, and he exercises the authority, he is liable on his bond as executor, if he fails to account for the rents or for the proceeds of sales.

Appeal from St. Louis Court of Appeals.

The case is reported in 1 Mo. App. 93.

*P. E. Bland* for appellant.

*Herman A. Haeussler* and *A. W. Slayback* for respondents.

NORTON, J.—This was an action by *scire facias* issued from the probate court against the appellant, as surety on the executor's bond in the matter of the estate of Henry A. Dix, deceased.   The decedent left a will directing the payment of his debts, and giving "the remainder" of his "estate, real, personal and mixed," to his widow during

her widowhood, " for her to use and enjoy for her suste-
nance and support, and for the sustenance, support and ed-
ucation" of his children, naming them, and providing that
should his widow marry, then his " estate, real, personal
and mixed, which shall then remain unconsumed and un-
expended," should be equally divided among his children,
reserving to his widow all her rights under the law, as if
the will had not been made.    The will also authorized the
executor "to sell and convey by deed or otherwise, all or
any portion of my said estate, real, personal or mixed, on
such terms or conditions as he shall think proper, in order
to carry out the provisions of this will."    It further ap-
points the widow guardian of the chidren, and Joel G.
Harper, executor.    The executor duly qualified, giving
bond with the appellant as his surety.    On the final set-
tlement of the executor's accounts, the probate court found
and adjudged a balance against him of $5,813.57, and made
an order directing him to pay the same to the respondent.
Harper failed to perform this order, execution was issued
against him thereon, and a return of *nulla bona* was made
on such execution by the marshal of the county, and
thereupon the said *scire facias* was issued against the ap-
pellant, who failing to appear, judgment by default was
taken against him in the sum of $5,978.24, from which
judgment he duly appealed to the circuit court, where the
cause was tried *de novo*, and which gave judgment against
the appellant for $6,220.57.    On appeal to the general
term, and thence to the St. Louis Court of Appeals, the
said judgment was affirmed, and the cause is here by ap-
peal from the latter court.

On the trial below, it was admitted that the debts of
the estate amounted to the sum of $161, and that the per-
sonal assets converted into money by the executor amount-
ed to the sum of $8,100.    The breach of the bond alleged
was the failure of the executor to perform the said order
of the probate court, directing him to pay the said balance
found against him on said final settlement.    Harper, the

executor, disbursed the said $8,100, paying the said debts prior to his annual settlement in 1868, at which settlement there was a balance found in his favor of $350. There was never any order of the probate court directing the executor to take charge of or to rent the real estate, nor any order for the sale of the same, or any part thereof, and without any such orders the said executor collected the rents of the realty, and brought the same into his administration by charging himself therewith in his accounts and settlements with said court, and sold a portion of the realty and brought the proceds of sale into administration, charging himself therewith in said accounts and settlements. These rents and proceeds of the sale of land wholly constitute and compose the balance found by the probate court against the executor on his final settlement—and which the said court ordered to be paid over as aforesaid. All of these facts the appellant offered on the trial, to show by the annual and final settlements, and by the records of the probate court; but the court overruled said offer and excluded said evidence, on the objection made by the respondent, who admitted the facts to be as offered to be proven, but claimed that the facts themselves were irrelevant and incompetent, and the appellant duly excepted to such ruling of the court.

It is urged as a reason for the reversal of the judgment, that the court erred in refusing to allow the annual settlements of Harper, the executor, to be read in evidence. This is the only point presented for our consideration. The evidence rejected by the court was offered for the purpose of establishing the fact that the balance of $5,183.57 found to be in the hands of the exector on his final settlement, and ordered to be paid over to plaintiff, as the widow of the testator, was entirely made up of rents received and the proceeds of the sale of real estate made by the executor under the will. It appears from the record that Harper, the executor, entered upon his duties as such in 1867, and made his regular annual settlements till 1873,

when, after proper notice given, he made his final settlement, which resulted in finding him indebted to the estate in the sum of $5,183.57, which he was adjudged or ordered to pay over to plaintiff. No appeal was taken either from the final settlement as made, or the order of the probate court. The judgment or order of the court directing the executor, Harper, to pay over to plaintiff the sum ascertained to be in his hands on the final settlement as assets belonging to the estate, was conclusive upon him and his securities, and could not be assailed in the method proposed by defendant. In the case of *State v. Holt*, 27 Mo. 340, which was a suit against an administrator and his securities for breach of the bond in refusing to pay over by the administrator, on an order of distribution made by the county court of Marion county, a certain sum of money as assets of the estate, the question was whether the securities were bound by the judgment, or were at liberty to show that the administrator had no assets in his hands, notwithstanding the judgment. Judge NAPTON in disposing of this question observes: "The plaintiffs here show an order or judgment of the county court for a specific sum of money, which the court finds and adjudges to be assets of the estate, in the hands of the administrator, and which they order to be paid over to the plaintiffs. * * The defendants admit the judgment, and that the administrator has not paid the money, but they propose to show that this judgment or order of the county court was wrong; that in fact and in truth the administrator had no assets in his hands. In other words, they propose to try over the very questions of law and fact determined in the county court, upon the ground that they were not parties to the proceeding, and without any allegation of fraud or collusion in obtaining the judgment. Our conclusion is that sound public policy and the practical attainment of justice will be best subserved by letting the judgments of the county or probate courts be conclusive on the securities, except in cases where fraud or collusion is shown." To

the same effect is the case of *State ex rel. v. Rucker et al.*, 59 Mo. 17.

The evidence offered was also properly rejected, for the reason—that if it had been received and had proved what was sought to be established by it—viz: that the balance in the hands of the executor was made up altogether of rents and the proceeds of the sale of the land, it would not have relieved defendant from liability.   In the case of *Gamble et al. v. Gibson, Exr.*, 59 Mo. 585, it was held, that although the general principle is that the realty descends to the heirs, and the executor has nothing to do with it, except in case of deficiency of assets, yet, when as a matter of fact, he does retain charge of it and collects the rents, he is responsonsible for them as executor.   It was also held in the case of *State v. Scholl*, 47 Mo. 84, that although an administrator sells leasehold and other property without an order of court, the administrator and sureties are liable on the bond.   It may further be said, that one of the conditions of the executor's bond was "that he should well and faithfully execute the last will and testament, &c."   It was expressly provided in the will that the executor should have the authority to sell all or any portion of testator's estate, real or personal, on such terms as to him should seem good, in order to carry out its provisions.   This unquestionably gave him full power to assume control of both the realty and personalty, and sell the same independent of any order of the probate court.   We deem it unnecessary to review the authorities in other States to which we have been cited by counsel, and which it is claimed establish a different doctrine from that adopted by our own court, especially when we believe it to be in accord with sound reasoning, and promotive of the interests of all parties concerned in the just and honest management of the property of decedents, whether dying with or without a will.

The judgment before us, endorsed as it is by the probate court, circuit court, general term and St. Louis Court

of Appeals, and being in harmony with the rulings of this court heretofore made, will be affirmed with four per cent. damages, in which the other judges concur.

AFFIRMED.