STATE OF MISSOURI TO USE OF W. H. MILLER, Curator, etc., Respondent, v. JOEL E. PETERMAN *et. al.*, Executors; LINUS SANFORD, Appellant.

66   257
96   203

St. Louis Court of Appeals, April 7, 1896.

**Guardians:** LIABILITY ON GENERAL BOND FOR PROCEEDS OF REAL ESTATE. The sureties on the general bond of a guardian, executed before the act of 1879 (now R. S., section 5312) went into effect, were not accountable for the proceeds of the real estate of the ward which was sold by order of court for reinvestment; for, prior to that act, a guardian could not make such sale without first executing a special bond to account for the proceeds, and, accordingly, a special trust was created.

VOL. 66 app—17

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

REVERSED AND REMANDED.

*L. Sanford* for appellants.

(1) The law at the date of the contract enters into the same, and the liability of the securities can not be enlarged by a change in the law. Murfree on Official Bonds, secs. 710, 711, 712, 713, and 720. The securities are not liable to answer for any new duties. *Ibid.*, sec. 650. (2) Where a special bond is required of a guardian before he can sell real estate, and he sells without executing a new bond, his securities on the original bond are not liable. *Matteson Co. v. Johnson*, 51 Iowa, 152; *Hook v. Evans*, 68 Iowa; *Warwick v. State*, 5 Ind. 330; *Lyman v. Conkley*, 1 Metc. 317; *Williams v. Morton*, 38 Me. 47; *Henderson v. Cooper*, 4 Nevada, 429; *Grimes v. Commonwealth*, 4 Settle (Ky.), 1; *Andrews' Heirs*, 3 Humph. (Tenn.) 591; *Schuster v. Weis*, 114 Mo. 158.

No brief filed for respondent.

BOND, J.—This is a suit on the general bond of a guardian, executed July 9, 1878, and is brought by his successor. The defendants are the sureties on said bond, and aver in their answer that the sums sued for came into the hands of their principal under a special trust resulting from a sale by him of certain lands of his wards for reinvestment, such sale having been had under a decree of the circuit court of Cape Girardeau county in 1882. A demurrer to this defense was sustained, exceptions duly saved, and the cause submitted to the court for trial upon an admission as to the proper amount due, provided any judgment could be rendered

against the defendants. The court gave judgment for this sum against the defendants, who appeal to this court.

The only question presented is as to the correctness of the ruling of the trial court in sustaining the demurrer to the answer. That ruling was erroneous. Prior to the act of 1879, now Revised Statutes, 1889, section 5312, a guardian could not sell the lands of his ward for reinvestment by order of court without first giving a special bond to account for the proceeds. His reception of the proceeds of such sale was accordingly held to be a special trust secured by a special bond, distinct from the discharge of his general trust as guardian, and hence creating no liability against the sureties on his general guardianship bond. *State to use v. Harbridge*, 43 Mo. App. 16. A different rule was enacted by the above statutes. A sale for reinvestment may now be decreed at the instance of the guardian without requiring any special bond to account for the proceeds. Whether this legislative enactment intends to extend the obligation of the general bond given by a guardian upon his qualification as such to the proper accounting by him for the proceeds of sales of land need not be decided. The Kansas City court of appeals so held. *State ex rel. Hyslop v. Bilby*, 50 Mo. App. 162. Of course, such construction, if adopted, would only be applicable to general bonds given subsequent to the present act. The bond in this case was given prior to that act; hence, its obligation is confined to the liability assumed by the sureties, as defined by the law in existence when their contract was made. *Schuster v. Weiss*, 114 Mo. 158. This liability, as we have seen, did not embrace any responsibility for money coming into the hands of a guardian under a sale of the land of his wards.

The trial court disregarded these principles in sustaining the demurrer to the answer in this case. The judgment will, therefore, be reversed and the cause remanded. All concur.