THE STATE ex rel. PATRICK J. TAAFFE, Administrator, Appellant, v. ELIZABETH GOGGIN.

**Division One, November 22, 1905.**

1. **JUDGMENT OF PROBATE COURT: Conclusiveness Against Sureties: Suit in Equity.** A judgment of the probate court on final settlement against the administrator, finding him to be indebted to the estate in a certain sum, is not binding upon the administrator's surety who died after the administration was begun and before the judgment was rendered—no effort having been made before final settlement to have an administrator appointed for the deceased surety's estate.

2. ———: ———: ———: **Fraudulent Conveyances.** Where defendant's grantor became a surety on an administrator's bond and subsequently made a voluntary conveyance of his real estate to his wife, and then died, and the probate court, finding no personal property belonging to his estate, ordered that no administration thereon be had, and subsequently on final settlement a judgment was rendered against the administrator for whom he was surety, and execution issued and was returned *nulla bona*, no effort having been made to have an administrator appointed to represent the surety's estate, that judgment was not conclusive against the surety's estate, nor can the judgment creditor therein show himself to be a creditor of the surety's estate by merely showing a final unpaid judgment against his principal, and hence such judgment creditor cannot maintain a suit in equity to have the conveyance to the wife set aside as being fraudulent as to the surety's creditors.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*James P. Maginn* for appellant.

(1) A non-judgment creditor may proceed in equity if it be impossible for him to obtain a judgment at law. Nieters v. Brockman, 11 Mo. App. 600; Kent

v. Curtis, 4 Mo. App. 121; Lackland v. Smith, 5 Mo. App. 161; Dodd, Brown v. Levy, 10 Mo. App. 122; Pendleton v. Perkins, 49 Mo. 565; O'Brien v. Coulter, 2 Black 421; Miller v. Davidson, 3 Gilm. 523; Smith v. Shepard, 2 Hay 163; Sharp v. Feltz's Admr., 6 B. Mon. 16; Watts v. Gayle, 20 Ala. 823; Steere v. Hoagland, 39 Ill. 264; Unknown Heirs v. Kimball, 4 Ind. 546. (2) The judgment of the probate court, on the final settlement of Gay, surviving partner, was conclusive as to the liability of his sureties, and as to the amount of their liability. State ex rel. v. Donegan, 12 Mo. App. 198; McCarty v. Garneau, 4 Mo. App. 566; State ex rel. v. Bilby, 50 Mo. App. 168; State v. Holt, 27 Mo. 340; State ex rel. v. Cruesbauer, 68 Mo. 254; State ex rel. v. Rucker, 59 Mo. 17; Dix v. Morris, 66 Mo. 514. (3) The conveyances of John Goggin for nominal consideration through McCann & Brown, as conduits, to himself and wife, as tenants by the entirety of all his property were, as against the plaintiff, a creditor, void. Shanklin v. McCracken, 151 Mo. 587; Lander v. Ziehr, 150 Mo. 403; Hoffman v. Nolte, 127 Mo. 120; Crook v. Tull, 111 Mo. 289; Loehr v. Murphy, 45 Mo. App. 524; Sloan v. Terry, 78 Mo. 625; Jordan v. Buschmyer, 97 Mo. 94; Patton v. Bragg, 113 Mo. 595; Snyder v. Free, 114 Mo. 360; Patten v. Carey, 57 Mo. 118; Holloway v. Holloway, 103 Mo. 274; Potter v. McDowell, 31 Mo. 62. (4) Plaintiff is an existing creditor within the statute against fraudulent conveyances. Bump on Fraudulent Conveyances (4 Ed.), secs. 501-2 and 3; May, Fraudulent Conveyances, star page 57; In re Ridler, 22 Chan. Div. L. R. 80; Frees v. Baker, 81 Tex. 221; Van Wyck v. Seaward, 18 Wend. 382; Howe v. Ward, 4 Me. 195.

*William P. Sheridan* for respondent.

(1) A surety on an official bond is not a debtor before suit is brought and liability established thereon. State ex rel. v. Gambs, 68 Mo. 289. (2) Equity relieves

only judgment creditors to set aside fraudulent conveyances, which hinder and delay the collection of their claims. Jacobs v. Smith, 89 Mo. 673; Wilson v. Hart, 98 Mo. 618; Mullen v. Hewett, 103 Mo. 639; Reyburn v. Mitchell, 106 Mo. 365; Clark v. Bank, 57 Mo. App. 277; Clark v. Laird, 60 Mo. App. 289; Crim v. Walker, 79 Mo. 335; Dodd, Brown v. Levy, 10 Mo. App. 121. Where the demand is legal, the complainant must obtain a judgment at law before filing his bill. Kent v. Curtis, 4 Mo. App. 121; Spitz, etc., v. Kerfoot, 42 Mo. App. 77; Crim v. Walker, 79 Mo. 335. This rule prevails even though debtor be insolvent. Kent v. Curtis, 4 Mo. App. 124; Kankakee Woolen M. Co. v. Kampe, 38 Mo. App. 234. The only exception recognized by decisions of our courts is where the fund sought to be subjected to creditor is a trust fund, or, a court of equity has some original equitable jurisdiction. Kankakee Woolen M. Co. v. Kampe, supra. (3) In some instances stress is laid upon the fact that by statute the exhaustion of all legal remedies is a prerequisite. Kankakee Woolen M. Co. v. Kampe, 38 Mo. App. 229. (4) An insolvent may make a voluntary transfer to his wife, which will be good as against subsequent creditors, unless it be made with the intent to hinder or delay them. Bank v. Overall, 16 Mo. App. 510; Loehr v. Murphy, 45 Mo. App. 519; Bank v. Overall, 90 Mo. 410. Actual fraud, or fraud in fact, must be proved in order to set aside a prior voluntary conveyance at a suit of subsequent creditor. Bayha v. Kessler, 79 Mo. 560.

VALLIANT, J.—Suit in equity to set aside a deed by John Goggin, since deceased, to the defendant, his wife, on the ground that it was made to defraud creditors.

The case may be stated as follows:

Peter Taaffe and Thomas E. Gay were partners in trade; the co-partnership was dissolved in 1891 by the death of Peter Taaffe; Gay qualified as administrator

of the partnership estate and gave bond in the penalty of $5,000, with William P. Hourigan and John Goggin as sureties; the plaintiff qualified as administrator of the estate of Peter Taaffe. Pending the administration of the partnership estate, John Goggin, being then the owner of three lots of city real estate, made a deed conveying them without consideration to a friend who at once reconveyed them to Goggin and his wife as an estate of entirety. Goggin died in 1895, leaving but little personal property and no real estate, if the deeds in question are valid. In 1898 a final settlement of the partnership estate was decreed in the probate court, in which it was adjudged that Gay, the surviving partner as administrator, pay to the plaintiff as administrator of the estate of the deceased partner the sum of $10,-390.62; execution issued on the judgment against Gay and was returned *nulla bona* and the judgment remains in full force and entirely unsatisfied.

The evidence of the defendant tended to prove that part of the real estate in question was the homestead, within the limits of the law, of John Goggin at the time the conveyances mentioned were executed, and that the reason for his executing the deeds was that he was about to undergo a surgical operation of a dangerous character and was advised that he might not survive it, and his motive was to put the title to the property in his wife to avoid the trouble and expense of administration. The probate court, finding that there was no personal property more than the law gave the widow, ordered that there be no administration on the estate of John Goggin.

On that state of facts the circuit court rendered a decree in favor of the defendant and the plaintiff appealed.

On the part of respondent it is contended that since the judgment against Gay in the probate court was not rendered until six years after the conveyances complained of and more than three years after the death of

Goggin he was not a debtor when he made the convey-
ances (citing State ex rel. v. Gambs, 68 Mo. 289), and
was free to make deeds of gift, in the absence of proof
of a fraudulent intent, citing Boatmen's Bank v. Over-
all, 90 Mo. 410. And it is also contended that a suit in
equity of this kind cannot be maintained until the plain-
tiff has obtained a judgment against the alleged debtor
and exhausted his legal remedy.

On the other hand it is contended by appellant that
the judgment in the probate court is conclusive against
the surety, citing McCartney v. Garneau, 4 Mo. App.
566; State ex rel. v. Donegan, 12 Mo. App. 198; State
ex rel. v. Bilby, 50 Mo. App. 168; State to use v. Holt,
27 Mo. 340; State ex rel. v. Cruesbauer, 68 Mo. 254;
State ex rel. v. Rucker, 59 Mo. 17; Dix v. Morris, 66
Mo. 514. And appellant contends also that his case
falls within the exception to the rule that equity in such
case requires a party to first exhaust his legal remedy,
that is, that equity never requires a vain act to be done,
and therefore when it appears that to sue at law would
be impossible or unavailing, it will not be required, cit-
ing Kent v. Curtis, 4 Mo. App. 121; Nieters v. Brock-
man, 11 Mo. App. 600; Lackland v. Smith, 5 Mo. App.
l. c. 161; Dodd, Brown & Co. v. Levy, 10 Mo. App. l. c.
122; Pendleton v. Perkins, 49 Mo. 565.

The several propositions of law contended for by
the learned counsel on each side are well established
and it is only required to make the proper application
of them to the facts of this case.

If the judgment in the probate court on the final
settlement of the partnership estate was conclusive as
to Goggin's personal representatives, then the other
facts in the case show that a suit at law to estab-
lish or collect the judgment against his estate would
be a vain act. In such case, the administrator of the
Goggin estate, if there should be one, could not dispute
the judgment, and there being nothing of his estate ex-
cept that covered by these deeds, there would be noth-

ing to apply to the satisfaction of a judgment at law against the estate, nothing at least that a court of law could effectually reach. In that condition of affairs a suit at law would be but an idle ceremony out of which nothing could be expected. Therefore, if the judgment of the probate court was conclusive as to the Goggin estate the plaintiff would not be denied the relief he seeks in a court of equity on the ground that he had not exhausted his legal remedy against that estate. But if that judgment was not binding on the Goggin estate, then it was not sufficient to establish the plaintiff as a creditor of the estate of such a character as to justify a court of equity in granting relief of the kind prayed.

We hold that under the facts in this case the judgment in the probate court on the final settlement of the administrator of the partnership estate was not binding on the estate of John Goggin, deceased.

Proceedings in the probate court are somewhat in the nature of proceedings *in rem,* and when the notices required by law have been given, all persons interested are chargeable with notice and have the right to be heard. The sureties on the administrator's bond are interested in his final settlement and are entitled to be heard before a judgment, which is to be binding on them, is rendered, and have the right to appeal if they feel aggrieved. If they do not, after due notice of the purpose of the administrator to make final settlement has been given, appear in court, but let the judgment of final settlement go against their principal and take no part in the proceedings until the period for appeal has elapsed, they have no cause to complain, because they have neglected their opportunity and the judgment is conclusive on them. That is the theory of the cases above cited on this point. But in all those cases the sureties were living when the judgments against their principals were rendered and they were chargeable with constructive notice; here we have a case in which the surety was dead three

years before the notice, if any, was given, or the judgment was rendered, and there was no administrator of his estate. If the plaintiff had so desired he could have moved in the probate court, before the final settlement, and before he published notice of his purpose to make final settlement, to have an administrator appointed who could represent the surety's estate and guard its interest. We cannot hold that a judgment rendered after the death of the surety, when there was no one to be affected by the notice, no one to represent his estate at the hearing in the probate court or to take an appeal if desired, is conclusive on his estate.

Therefore, in this case it was not sufficient for the plaintiff in order to show himself a creditor of the Goggin estate to merely show the judgment of final settlement against the administrator; if he had otherwise an excuse for not suing at law he had no excuse for not attempting to establish his claim when he came into a court of equity by having an account taken.

We think the learned chancellor took the correct view of this case.

The judgment is affirmed.

All concur.