GEORGE C. WING, judge of probate, for Mrs. Roseman Wheeler,
*vs.* ZECHARIAH G. ROWE.

Androscoggin.    Opinion March 21, 1879.

*Guardian bond.    Liability.    Costs.*

A guardian, upon appointment and acceptance of his trust, becomes subject
to the jurisdiction of the probate court upon all matters concerning the
proper discharge of his duties; and a settlement with his ward after her
marriage and during her minority, and taking her discharge of all matters
in his hands as guardian will not release him from liability on his bond
after refusal to appear in probate court and account when cited so to do.

An action of debt, under R. S., c. 67, § 19, commenced in such a case by
authority of the judge of probate for the breach of the bond, is maintaina-
ble; and if discontinued, the defendant is entitled to no costs.

ON REPORT.

DEBT ON GUARDIAN BOND.    Plea, *non est factum*, with a brief
statement of a settlement, etc.

It appeared that the female ward was married August 30,
1874, and that on December 25, 1874, she being sixteen years
of age, made a settlement with her guardian, and gave him a
receipt as follows, to wit:

"Poland, December 25th, 1874.

" Received of Zechariah G. Rowe, my guardian, the whole
amount of my property, that is to say, the sum of $1,559.19 by
note, and fifty dollars in cash, and it is a full settlement; and I
am now a married woman; and I further declare that the said
Zechariah G. Rowe has conducted the guardianship to my entire
satisfaction, and that he and his sureties are . forever discharged.

" Witness my hand and seal.    In presence of David Dunn.
(Signed) Roseman Wheeler.    [L. S.]"

It appeared also that the said Roseman Wheeler, in November,
1875, cited the said Rowe to appear at the probate court, Decem-
ber term, 1875, to render his final account, which the said Rowe
neglected to do.

Thereupon, at the March term, 1876, leave was granted by the
judge of probate to bring this suit.

Rowe, the defendant, relied upon his said settlement and the discharge, as a waiver of any breach, and as a bar to any pretended breach of the bond after December 25, 1874.

But the court ruled that the neglect to render his final account in December, 1875, when cited by this party, was in law a breach of the bond by Rowe, and that the receipt aforesaid was not a waiver thereof, nor a settlement thereof by law.    Hereupon the case was reported to the full court, and if the full court shall reverse the ruling then the action is to stand for trial, but if the said ruling is sustained by the full court judgment to be entered for the plaintiff, and a hearing in damages had before the court at *nisi prius.*

At said trial, January term, 1878, the plaintiff discontinued the suit against two of the defendants.    Thereupon, the same two defendants moved for judgment for costs against Mrs. Roseman Wheeler, the party that brought the suit, but the court ruled that no costs could be allowed, and this question of costs is also reported to the full court for their decision.

*N. Morrill*, for the plaintiff.

*D. Dunn*, for the defendant.

LIBBEY, J.    The defendant was guardian of Roseman Wheeler and gave the bond in suit as required by R. S., c. 67, § 10.    One of the conditions of the bond is, "to render a just and true account of his guardianship when by law required."    Section 19 of the same chapter provides that every guardian shall settle his account with the judge of probate at least once in three years, and as much oftener as the judge cites him for that purpose ; and on neglect or refusal to do so he shall be deemed to have broken the condition of his bond.

His ward married during minority, and he soon afterwards settled with her, and took her discharge of all matters in his hands as guardian.    Afterwards he was cited to appear before the probate court and settle his account as guardian, which he neglected to do, and the judge of probate granted leave to bring this suit upon his bond.

By his appointment as guardian and acceptance of the trust, the defendant became subject to the jurisdiction of the probate court upon all matters concerning the proper discharge of his duties. His settlement with his ward did not deprive the probate court of its jurisdiction. He should have appeared and accounted, and if the judge of probate had been satisfied that his settlement with his ward was a fair and just one, he would have confirmed it, as in *Pierce* v. *Irish*, 31 Maine, 254.

But the ward had a right to be heard in regard to the matter, and to show that the settlement was not fair and just, and that her discharge was improperly procured, as in *Wade* v. *Lobdell*, 4 Cush. 510.

The defendant's neglect to appear in probate court and account, on being cited so to do, was a breach of the condition of his bond, for which this action can be maintained.

The plaintiff discontinued against two of the defendants, and they claim costs against the ward for whose benefit the action is brought. The presiding judge ruled that no costs could be allowed.

By R. S., c. 72, § 5, all suits on probate bonds must be brought in the name of the judge of probate, " but no costs shall be awarded against the judge therein." By § 9 any person interested in any probate bond, whose interest has been specifically ascertained by a decree of the judge of probate, or by judgment of law, as provided in said chapter, may bring a suit on such bond without applying to the judge of probate for his authority therefor, and in such case, by § 10, if the suit is not sustained judgment shall be awarded and execution shall be issued for costs against the party originating it.

By § 15 of the same chapter, the judge of probate may expressly authorize any person interested to commence a suit on a probate bond, and when the suit is commenced by such authority there is no statute provision authorizing a judgment for costs against the person who originates the suit ; and in the absence of such authority, the person originating the suit not being a party of record, the court has no power to render judgment against him for costs.

We think the rulings of the presiding judge correct on both points reported.

*Judgment for the plaintiff. Damages to be assessed by the court at nisi prius. No costs for the defendant.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.