PROBATE COURT OF NEWPORT *vs.* GEORGE B. HAZARD *et al.*

An intestate's next of kin released to his widow during her life the net income of the realty and personalty of his estate on condition that she relinquished all right of dower and her right to six months' support, "*the whole to be under the direction*" of the administrator. The condition was performed and the release took effect.

In an action on the administrator's bond brought by the widow for the benefit of all persons interested in the estate:

*Held*, that the release did not affect the administrator's liability to account when cited by the Probate Court.

DEBT. Heard by the court, jury trial being waived.

*Newport, March* 15, 1880. DURFEE, C. J. This is debt against the defendants as sureties on a bond given by Benjamin Marsh, as administrator on the estate of Henry Gibbs, deceased. The breach alleged is that the administrator neglected to account after being cited. The defendants admit that the administrator was cited to account and neglected to do so ; but they claim that, nevertheless, they are not liable on the bond, because the administrator had ceased to be accountable before he was cited, by virtue of a deed to the widow of the deceased by the next of kin, wherein, in consideration of ten dollars, they release to the widow, during her life, the net income of all the real and personal estate which the deceased died seised and possessed of, on condition that she shall waive and release all her right of dower in the real estate and personal property, and her right to six months' support, "*the whole to be under the direction of said Benjamin Marsh*," the condition stipulated for having been immediately performed by the widow. The action is brought under Gen. Stat. R. I. cap. 180, § 15,[1] at the instance of the widow, for the benefit of all persons interested in the estate.

---

[1] As follows : " Besides suits brought for the benefit of particular claimants as aforesaid, a suit for the benefit of all concerned in the estate may be brought

# 2 PROBATE COURT OF NEWPORT *v.* HAZARD.

We do not see that the deed affects the administrator's liability to account when cited. It does not purport to release him from any obligation. The most that can be claimed for it in his behalf is, that it gives him a power over the balance of his account to hold or dispose of it in trust or otherwise in such manner that the widow can have the net income for life, and that the principal shall be secured for the next of kin. The existence of such a power avails nothing until it is exercised. Until then, that is to say, until the trust is established or other disposition is made, the administrator retains his representative functions, and his liability to account when cited continues unchanged. And even after the creation of the trust or other disposition, as has been held, it would be a breach of his bond for him to neglect to account when cited, inasmuch as the validity of the trust or other disposition might be controverted, though, of course, if it were unimpeachable and complete, the breach would be only nominal. *Wing* v. *Rowe*, 69 Me. 282; *Prior* v. *Talbot*, 10 Cush. 1; *Wilson* v. *Wilson*, 17 Ohio St. 150; *Burton* v. *Anderson*, 5 Harring. Del. 221; *Clarke* v. *Clay*, 31 N. H. 393; *Hall* v. *Cushing*, 9 Pick. 395; *Dix* v. *Morris*, 66 Mo. 514. The administrator cannot convert himself into a trustee by a mere mental determination without any overt act. *Miller* v. *Congdon*, 14 Gray, 114.

We think, therefore, that judgment must be entered for the plaintiff for the penalty of the bond, and stand for chancerization.

*Judgment for plaintiff.*

*Samuel R. Honey*, for plaintiff.

*William P. Sheffield & Francis B. Peckham, Jr.*, for defendants.

---

on such bond, at the instance of any party interested, who shall give security for costs to the defendant on the writ, and satisfactory bond to the Court of Probate, securing said court against expenses and costs, in which case indorsement that the suit is brought for the benefit of all interested in the estate shall be made upon the writ."