## SUPREME COURT OF MISSOURI,

### THIRD JUDICIAL DISTRICT.—JUNE TERM, 1836.

**311**

JUNE TERM
1836.

| 4 | 311 |
|---|---|
| 89a | 288 |

Richardson
v.
Adams & others.

### RICHARDSON v. ADAMS AND OTHERS.

1. Bill in equity—bill states that one A. died leaving a will, and letters of admr. with the will annexed were granted to compt. and the widow of the testator—that she took possession of the whole estate and compt. merely aided her with advice &c.—that after her death, B. one of the present defs. was her executor and residuary legatee. A legatee under the will of A. brought his bill in equity against compt. for the amount of his legacy, and made B. and others defendants to that bill—and obtained a decree in his favor.—Bill prays that B. the exec. of A's admx. may be compelled to refund the amt. he paid under the decree.

2. Held, that the legatee was clearly entitled to satisfaction from the personal representatives of A.—that the decree in his favor was conclusive of the amount of his legacy—and that compt. who was compelled to pay the legacy, had an equitable claim for it on the admx. of A. and since her death, on her execr., one of the personal defs.

3. The compt. is not concluded by the fact, that one of the present defs. was made a co-defedant with him in the suit brought by the legatee—because he was improperly joined with him in that suit, and moreover, it does not appear that the same matters were litigated.

APPEAL from the Franklin circuit court.

Opinion delivered by WASH Judge.

This was originally a suit in chancery, commenced in the Franklin circuit court, by Richardson, the appellant, against the appellees; Richardson's bill was demurred to in the circuit court, and a decree entered up against him dismissing his bill, to reverse which, he has appealed to this court.

The bill states that one William M. Fullerton died in July 1829, having previously made and published his last will and testament, whereby he devised to his wife Sarah, all his property, real and personal, during her life: and upon her death the one half of his said estate (except the slaves, Brister and Winney, who were to be free) was devised to one Jesse Frier, provided he should continue to live with said Sarah, until he arrived at the full age of

Statement of the case.

Bill in equity.— Bill states, that one A. died, leaving a will, and letters of admn. with the will annexed, were granted to compt. and the widow of the testator—that she

JUNE TERM 1836.

Richardson
v.
Adams & others.

took possession of the whole estate and compt. merely aided her with advice &c.—that after her death, B. one of the present defs. was her executor and residuary legatee. A legatee under the will of A. brought his bill in equity against compt. for the amount of his legacy, and made B. and others defendants to that bill—and obtained a decree in his favor.—Bill prays that B. the execr. of A.'s admx. may be compelled to refund the amt. he paid under the decree.

twenty-one years, and Frier was to have also one year's schooling, to be paid for out of the said estate. In case of the forfeiture of the legacy by Frier, the said Sarah was to have the whole estate. The will was duly proved and letters of administration with the will annexed, granted to the complainant and said Sarah Fullerton; that Sarah Fullerton took possession of the whole estate, an inventory and appraisment of which was made out and returned, shewing an amount of property to the value of $1580, 55 including the two slaves, Brister and Winney, who were valued at $762, 50—that none of the property or effects of said estate, came into the hands or possession of the complainant, who merely aided said Sarah in the administration thereof;—that Sarah Fullerton died in the month of December 1831, having made and published a will, which was duly proved, whereby she devised to Mark W. Ware, one of the defendants, a horse worth forty-five or fifty dollars, and a saddle and bridle, and directed that he should be taught to read, write and cypher &c.—to the defendant, Nancy Ware, she devised one hundred dollars;—to the negro man Brister, another of the defendants who was to be free at her death, she devised a horse worth forty-five or fifty dollars;—to the wife of the other defendant, Phineas Adams, she devised the negro woman Winney, for life,—remainder to the defendant Phineas, who was also declared to be residuary legatee and executor; that Phineas Adams proved the will, and took upon himself the burden of the execution thereof, and took into his possession, all the property, both real and personal, of which the testatrix died possessed;—that he made and returned an inventory, shewing the personal estate to be worth $636, 04½, and that there was other property and effects of the estate of said Sarah, which came to the hands of said Adams as executor, and of which no inventory was made of the value of at least $500, the bill exhibits copies of both the wills and of the inventories mentioned.

The bill charges that the complainant never was possessed of any part of the estate or effects of William M. Fullerton, and that Sarah Fullerton took the whole; that after the death of said Sarah, the complainant made a final settlement according to law, with the county court of Franklin county at the Nov. term 1832, that he was then erroneously charged by the county court with the sum of $511, 23, which under the order of said court was paid over to the defendant Phineas Adams as executor of Sarah Fullerton, who receipted to the complainant

for the same &c.   The bill exhibits a copy of the record of the settlement with the county court; the bill further charges, that at the November term 1833, one Robert B. Harrison as assignee of Jesse Frier, filed his bill in the Franklin circuit court, against the complainant together with Jesse Frier and the defendants to this bill, to recover the legacy bequeathed to Jesse Frier by William M. Fullerton; in which suit such proceedings were had, that the bill was dismissed, as to all the defendants therein, except the present complainant; and that as such complainant, a decree was entered up, that he pay to said Harrison, $402, 84, with costs &c. which amount the complainant was compelled to pay on execution &c.—The bill exhibits a transcript of the record in that cause, and prays that the defendants be made to refund and for general relief; the defendants demurred to the bill, and had a decree in their favor dismissing the bill, to reverse which Richardson has appealed to this court.

The counsel for the appellees in support of the decree of the circuit court, rely mainly upon the want of equity in the bill, and the former adjudication of the rights of the parties respectively in the decree between Harrison assignee of Frier and the present complainant, who in that suit, was a co-defendant with the defendants in the present suit &c. and insist that the decree in favor of Harrison, must have been rendered against the present complainant upon the ground that he alone was to be held responsible for the amount of Frier's legacy; either because he had committed a devastavit upon the estate of William M. Fullerton, or in the course of his administration upon said estate, had become indebted to the present defendants, as devisees and legatees of Sarah Fullerton, to the amount of the legacy claimed by Harrison the assignee of Frier &c.

For the appellant it is contended that Harrison was entitled to satisfaction of Frier's legacy out of the estate of William M. Fullerton, and that the decree in favor of Harrison is conclusive to establish the amount of the legacy.

2nd.   That the estate of William M. Fullerton having been appropriated by Sarah the widow and administratrix to her own use, she in her life time was, and her administrator now is liable to pay the amount of the legacy recovered.

3rd.   That the recovery having been against the complainant as administrator of Wm. M. Fullerton, and the assets of that estate, having been appropriated by Sarah

JUNE TERM
1836.

Richardson
v.
Adams & others.

Opinion of the court.

Held, that the legatee was clearly entitled to satisfaction from the personal representatives of A.—that the decree in his favor was conclusive of the amount of his legacy—and that compt. who was compelled to pay the legacy, had an equitable claim for it on the admx. of A. and since her death, on her excr. one of the present defs. The compl. is not concluded by the fact, that one of the present defs. was made a co-defendant with him in the suit brought by the legatee—because he was improperly joined with him in that suit, and moreover, it does not appear that the same matters were litigated.

Fullerton to her own use, the complainant has in equity a just claim against the administrator, and residuary legatee of said Sarah, to the extent of the assets in his hands &c.

4th. That the complainant is not concluded by the fact that he was a co-defendant along with the present defendants in the suit brought by Harrison, because it does not appear that the bill was dismissed as against the present defendants, and a decree entered up against the complainant upon the merits, or that the rights and matters now litigated were in fact litigated, or in any way pressed upon in that action &c.

It seems to us that the positions contended for by the counsel for the complainant, have been well taken in this case,—it is clear that the personal representatives of William M. Fullerton, were the persons to whom Frier or his assignee had to look for the legacy left him by the will of the said William; the remainder, after Sarah Fullerton's death was in the legal possession of William Fullerton's administrator, to be applied and disposed of agreeably to the will of the said William. The present defendants were improperly joined with Richardson in the action brought by Harrison, and the bill may well have been dismissed, as against them, for that reason. The decree of the circuit court, is therefore reversed and the cause remanded for further proceedings with this opinion.

GYER for appellant.

The appellant contends, 1st, that Frier or his assignee, was entitled to satisfaction of the legacy to him out of the estate of William M. Fullerton.

2. That the recovery by the assignee of Frier is conclusive to establish the extent of his demand.

3. That the estate of William M. Fullerton, having been appropriated by Sarah, the widow and administratrix to her own use, she in her lifetime was, and her administrator, now is liable to pay the amount of said recovery.—2 J. C. R. p 14.

4. That the recovery having been against the complainant as admr. of Fullerton, and the amount paid by him, is in equity a just claim against the admr. and residuary legatee of Sarah Fullerton, to the extent of the assets in his hands.

5. The fact that plaintiff and defendants were parties to the bill of Harrison, does not conclude the plaintiff,

because it does not appear that the bill was dismissed as against the present defendants on the merits, and secondly, the matters now in controversy were not litigated, in that action, new and distinct rights are introduced.— Nafee v. Wafee, 7 J. C. R. 1.

JUNE TERM
1836.

Lindell
v.
The President,
Directors & Co. of
the Bank of Mo.—
Rutgers v. same.

The case of Davoue v. Fanning, 4 John. C. R. relied on by deft. was an attempt to open an account settled in a former suit, in which plaintiff was a defendant and in which precisely the same rights and interests of the plaintiff, sought to be enforced in the new suit had been expressly decided.

Counsel for the appellee cited:

1st point. Davoue v. Fanning, 7th Johnson's chancery reports, 199; Pevine v. Dunn, 140; French v. Shatwell, 6th vol. 235; Holmes v. Remson, 7th vol. 2, 6; Senifrar v. Hoot, 1st vol. 47; Lupton v. Lupton, 2nd vol. 626-7; also 5 Cranch, U. S. reports.

2nd point. White v. Aylesworth and Wood in 9th vol. of Johnson's common law reports, page 232; also, Jones v. Savien in 8th vol. of same reports, page 453; also, Lausing v. Eddy, in 1st vol. of Johnson's chancery reports, page 49; also, Penny v. Martin, in 4th vol. same reports, page 566; Foster v. Wood, in 6th vol. of same reports, page 87.