BLAIN, Appellant, *vs.* COPPEDGE, Respondent.

1. The plaintiff in an ejectment offered in evidence, in support of his title, a transcript filed in the Circuit Court of a judgment rendered before a justice of the peace. He then offered an execution issued from the Circuit Court, which, on its face, purported to be on a *judgment of the Circuit Court*, and a sheriff's deed, under this execution, and reciting it. *Held*, the execution and sheriff's deed were properly excluded.

*Appeal from Crawford Circuit Court.*

*Gardenhire*, for appellant, insisted that the sheriff's deed was certainly competent evidence, because, with its recitals, it is, by express statute, made evidence of the facts therein stated. Rev. Stat. p. 484, sec. 49. It was not necessary to offer the execution.

*Johnson* and *Frissell*, for respondent, insisted that the court properly excluded the execution from the jury, because, 1. There never had been any execution issued by the justice who first rendered judgment, and a return of *nulla bona*. See Laws of 1835, tit. " Justices' Courts," art. 6, secs. 18 and 19, p. 364. *Coonce* v. *Munday*, 3 Mo. 264, new ed. *Burk et al.* v. *Flournoy et al.* 4 Mo. 116. 2. The execution did not conform to the judgment. See Laws of 1845, tit. " Execution," sec. 1. Tit. " Judgment and Decrees," secs. 3 and 12. Tucker's Commentaries, vol. 2, p. 238. Robinson's Practice, vol. 1, p. 571. Bacon's Abridg. tit. " Execution." It was necessary for the plaintiff to go behind the sheriff's deed and show the inception of his title.

GAMBLE, Judge, delivered the opinion of the court.

Blain sued Coppedge in ejectment, and on the trial, produced the transcript of a judgment rendered by a justice of the peace against one Swinney, in 1842, for $40 debt and $4 50 interest and costs. Two days after the judgment was rendered, a transcript was filed in the clerk's office of the Circuit Court. He next produced a judgment of the Circuit Court reviving this judgment, and also its lien. This judgment of the Circuit Court was in 1848. An execution, issued from the

Circuit Court, was next produced, which, on its face, purports to be issued upon a judgment of the Circuit Court, and has no reference whatever to any judgment of a justice of the peace. This execution, upon an objection made by the defendant, was excluded. A sheriff's deed was next offered, which recited the execution that had before been excluded, and this, of course, was excluded. The plaintiff then took a non-suit and brings the case here, complaining of the exclusion of his evidence.

1. As the plaintiff was bound to produce a judgment, as well as an execution, and as he produced a judgment of a justice of the peace, he ought to have had an execution which issued upon that judgment. The execution he produced certainly purported to be issued upon a different judgment, for it recites a judgment of the court. It could not be issued upon the judgment of the Circuit Court produced in evidence, for that was not a judgment of recovery, but an award of execution upon the justice's judgment. For this reason, the execution was properly excluded, and as the sheriff's deed recited this same execution, and the sale was made by its authority, the deed was properly rejected.

If there had been an execution produced, which issued upon the justice's judgment, then the question of the authority to issue it, before one had issued from the justice, would have been presented under *Coonce* v. *Munday* 3. Mo. Rep. 374. *Burk* v. *Flournoy*, 4 Mo. Rep. 311. The judgment is, with the concurrence of the other Judges, affirmed.