RENICK & PETERSON, Respondents, v. ROBBINS, Appellant.

1. The notary who presents and protests a bill of exchange for nonpayment is authorized to give notice to the various parties to the bill.
2. No particular form of notice is required; it is sufficient if the words employed, either in express terms or by necessary implication, give identity to the bill and information that it has not been accepted or paid upon due presentment.

*Appeal from St. Louis Court of Common Pleas.*

*Grover*, for appellant.

*Gantt*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

This case was tried without a jury and without instructions, and the only exceptions taken during the progress of the trial were to the decisions of the court in refusing to exclude portions of the deposition of Latham. It appears

from the bill of exceptions that the plaintiff read, from the published statutes of Louisiana, a law of that state, which authorized notaries public in New Orleans to appoint one or more deputies to assist them in the making of protests and delivery of notices of protests of bills of exchange and promissory notes; and, conceding that the written law of another state can not be proved by parol evidence or by a witness not shown to be competent to testify on such subjects, the judgment should not for that reason alone be reversed; for, though the evidence was incompetent to establish the fact sought to be proved by it, it was undoubtedly established by other competent testimony.

The notices of the dishonor of the bill were given by the notary, who presented it for payment and protested it for nonpayment. A notice given by a mere stranger is a nullity, but the notary who presents and protests the bills is regarded, to a certain extent, as the agent of the holder, and is authorized, by his character and employment, to give notice to any of the other parties on the bill. The object of notice is to advise the drawer or endorser of the fact that the bill has been dishonored, but no particular form is required for that purpose, and it is sufficient if the words employed, either in express terms or by necessary implication, give identity to the bill and information that it has not been accepted or paid on due presentment. A misdescription of the bill will not vitiate the notice, unless it misleads the party notified, and " unless the variance is such that, under the circumstances of the case, the notice conveys no sufficient knowledge to the drawer or endorser of the identity of the particular note or bill which had been dishonored." (Edwards, Bills & Prom. Notes, 471, 588-9.)

The cases are conflicting on the point whether the sufficiency of a written notice is a question of law to be decided by the court, or whether in the case of a misdescription of the bill it should be left to the jury to say whether the party had been misled. In some instances it becomes a mixed

question of law and fact. But it is unnecessary now to discuss the doctrine, as both the law and the facts in this case were submitted to the court. The other judges concurring, the judgment will be affirmed.