34 205
40a 403

A. R. TAYLOR, Respondent, v. ISAAC H. HUNT, EXECUTOR OF J. HUNT, deceased, et al., Appellants.

*Administration—Judgment—Securities.*—Where the administrator and his securities on his official bond are proceeded against under the provisions of secs. 14 and 15, of Art. V. of the administration act, (R. C. 1855, p. 162,) for the refusal of the administrator to pay money in accordance with the order of the County Court, the defendants cannot be permitted to show that the administrator had no funds in hand applicable to the demand. The administrator is bound by the judgment of the County Court, and its action cannot be controverted in any collateral proceeding. The securities are also precluded by the conditions of the bond executed by them. (State to use of Griffith v. Holt, 27 Mo. 340, affirmed.)

*Appeal from Jefferson Circuit Court.*

A. R. Taylor obtained an allowance in the Jefferson County Court against the estate of James Hunt, deceased, in the 7th class, on the 2d day of April, 1861, for $116.48, and afterwards, on the 10th day of October, 1861, obtained an order in the county as follows :

" A. R. Taylor, plaintiff, v. Isaac Hunt, executor of estate of James Hunt, defendant. On motion to pay over.—Now at this day come said plaintiff by his attorney and presents his motion requiring the executor of said estate to pay over to the said plaintiff the sum of one hundred and sixteen dollars and forty-eight cents, the amount of his allowance against said estate, in the 7th class ; which motion being heard and fully understood by the court, it is considered by the court that said motion be sustained." Upon this order the plaintiff Taylor had an execution issued which was returned in part satisfied, and no further goods found where-

14—VOL. XXXIV.

on to make the balance. On the 10th day of April, 1862, a *scire facias* was issued against the securities of Hunt, upon the hearing of which judgment was rendered by the court against them, and on appeal in the Circuit Court judgment again went against them. On the trial in both the inferior courts, Hunt's securities offered to prove by Hunt's settlements, that, at the time the order to pay over was made, there were no assets in his hands as executor of said deceased; which the court refused to let them do, but held that the order to pay over was conclusive upon the securities.

*J. L. Thomas*, for appellant.

I. The order of the County Court was not conclusive upon the securities of Hunt, and they should have been permitted to show that at the time the order was made. Hunt had neither money nor effects belonging to the estate of James Hunt in his hands sufficient to pay appellee's allowance, or any part of it. (12 Mo. 356.)

II. The case relied on by appellee, reported in 27 Mo. 340, is not a case similar to this. The order of the County Court in that case found that there was so much due from the administrator to the distributees; in this case the court ordered the payment of a demand which had already been allowed. The *main issue* in the case in the 27 Mo., before the County Court, was whether there was anything due from the administrator to the distributees. The final order of the court in such a case, appealed from, will bind the securities; so will the allowance in this case be conclusive upon the securities as to the amount which the estate of Joseph Hunt owes appellee. The securities cannot now say that the allowance in Taylor's favor was improper or unjust, but they certainly can allege and prove that their principal had no funds on hand with which to pay it.

III. The case in the 12 Mo. 356, is identical with the present, and it was made under a statute exactly similar to the one now in force. ( Compare § 11, R. C. 1845, p. 98, and § 11, R. C. 1855, p. 161.)

IV. The principal, Isaac Hunt, has been guilty of no breach of his bond, but has fully and faithfully administered the estate confided to his care.

V. The order of the County Court is void for uncertainty in not finding facts sufficient upon which to base an order. (§ 11, R. C. 1855, p. 161.)

A. Green, for respondent.

I. The court below committed no error in rejecting the final settlement of the executor offered in evidence by the defendants. It was not competent to go behind the judgment of the County Court to show such settlement. The order of said court to pay plaintiff's demand is conclusive upon the securities. (State to use of Griffith v. Holt, 27 Mo. 340, and authorities there cited.)

II. Such order to pay over is conclusive, unless it be shown that it was obtained by *fraud*. This was not attempted.

III. The case of Polk v. Farrar (12 Mo. 356), referred to by appellant, is not in point. It was a general order to pay demands of a certain class, and made long *before* final settlement; whereas in this case the order to pay over was *made* when the final settlement was made. If the executor was aggrieved, he could have appealed.

IV. Whether the case of Polk v. Farror (12 Mo. 356) be reconcilable with the case of the State to use of Griffith v. Holt or not, the *latter* is supported by the weight of authority, and is a case precisely in point with the case here before the court.

DRYDEN, Judge, delivered the opinion of the court.

The County Court of Jefferson county allowed and classed a demand in favor of the respondent against the estate of James Hunt, the testator, and afterwards made an order requiring the executor to pay the same. The order to pay not being obeyed, the respondent took execution against the property of the executor; and it having been returned only partially satisfied, the respondent instituted the present proceed-

ings against the executor and his securities, on his official bond, under the provisions of the 14th and 15th sections of Art. V. of the administration law of 1855, to recover the balance remaining unpaid. On the trial in the Circuit Court, where the case had been taken by appeal from the County Court, the appellants offered to prove, that, at the time when the order to pay was made, the executor had no money of the estate in hand applicable to the demand in question; but the court refused to admit the testimony, and this is assigned for error.

It is by law made the duty of the County Court to ascertain, at every settlement, the amount of money of the estate that has come to the hands of the executor or administrator, and to order him to pay the same to the creditors. On the trial, then, of the respondent's motion for the order in this case, the very point in issue was whether the executor had money in hand applicable to the respondent's demand, and the issue had necessarily to be passed upon by the court and found in the affirmative before the order to pay could be made. The fact, then, as between the respondent and the executor has become *res adjudicata*, and upon well established principles cannot be again controverted by them in any collateral proceeding.

The executor being precluded by the order to deny the fact on which it was based, his securities are in the same condition, not because they were parties to the record, as was their principal, with the right to appeal or prosecute a writ of error, but because by the stipulations of their bond they bound themselves to the performance of whatever should be required of their principal by the order or sentence of any court having jurisdiction. The condition of their bond is " that the said Isaac Hunt, executor of the last will of James Hunt, deceased, shall faithfully execute the last will of said deceased, account for, pay over, and deliver all moneys and property of said estate, and perform all other things touching said administration required by law, *or the order of any court having jurisdiction.*" To hold the securities, therefore, con-

cluded by the order is but holding them to their agreement. The court committed no error in refusing to admit the evidence. (State to use of Griffith v. Holt et al., 28 Mo. 340.)

Let the judgment be affirmed. The other judges concur.