THE STATE *ex rel.* RICHARDSON, *Administrator*, v. JAMES *et al.*, *Appellants.*

1. **Probate Court:** EXECUTOR: BOND: SURETIES. Where a probate court having proper jurisdiction finds there are sufficient funds of the estate in the hands of the executor for the purpose and orders the payment of an allowance, and such order is not appealed from, nor vacated for fraud or other reason, it is binding on the executor and his sureties in an action on the bond.

2. **Executor:** BOND, BREACH OF. The failure to pay such allowance after the making of the order, is a breach of the obligation of the bond "to perform all other things touching said executorship required by law or the order or decree of any court having jurisdiction."

3. **Sureties:** BOND. In an action for such breach of the bond, the sureties as a defense *pro tanto*, cannot claim that they are liable only to the extent of the funds of the estate in the hands of the executor at the date of the execution of the bond.

4. **Probate Court**: MOTION: NOTICE. The action of the probate court in sustaining a motion to set aside an order for the payment of an allowance because the order did not state the specific amount to be paid, and its entry of a new order in lieu of the former, is really one transaction, and an executor who filed the motion is chargeable with notice of the entry of the last order.

5. **Judgment, when not a bar.** A judgment is not a bar to another action, when it does not appear that the subject matter of the two actions is the same.

*Appeal from Jasper Circuit Court.*—HON. JOSEPH CRAVENS, Judge.

AFFIRMED.

*Ewing & Hough,* for appellants.

(1) The sureties are not responsible for a default of the executor made prior to the date of the bond. (2) The suit and judgment in 1878 are a bar to the present action. R. S. § 581. (3) The settlement made by James, May 29th, 1876, is conclusive that he did not have in his hands $2,-523.95 as per order of the court. (4) The court had no power to make the order directing the administrator to pay to respondent $2,523.94. The order is not in conformity to R. S. §§ 233, 234, and was made without notice to the administrator.

*F. P. Wright* for respondent.

The settlement in 1867 was a judgment and is not presumed to be paid within twenty years. Plaintiff had the option to pursue the summary remedy provided by the statute, or to bring an action on the bond. *Wickham v. Page,* 49 Mo. 526. The breach sued for was a failure to obey "an order and a decree of a court of competent jurisdiction." The action was properly brought on the second bond. *State to use of, etc. v. Berning,* 74 Mo. 98; *State to use v. Drury,* 36 Mo. 281. Suit may always be brought on the bond of a deceased executor and his secur-

ities made liable. *Wickham v. Page*, 49 Mo. 526 · *State, etc. v. Drury*, 36 Mo. 281.

*W. H. Phelps* also for respondent.

The settlement between the relator as the successor of Elwood B. James, and the executors of said James, has the force and effect of an allowance of a demand against the estate of said James. Gen. St. 1865, chap. 147, § 47; *Seymour v. Seymour*, 67 Mo. 303. The defense that the settlement is not a demand or is barred by the statute of limitations, should have been made before the probate court at the time the order to pay respondent was made, and cannot be made in this suit any more than the defense that the administrator had no money in his hands out of which to pay the demand. *State ex rel. Wolf v. Berning*, 74 Mo. 87. The order of the probate court requiring James to pay the demand, is conclusive upon defendants, and in a suit upon the bond the defendants are not permitted to show that there was no money in his hands with which to pay it. *State v. Holt*, 27 Mo. 340; *Taylor v. Hunt*, 34 Mo. 205; *State v. Rucker*, 59 Mo. 17; *State ex rel. Frost v. Crensbaur*, 68 Mo. 254. No notice to James was necessary. The order to pay the demand was made at the time of the making his settlement when he was in court, and he filed a motion to set aside the order to pay the demand, which was sustained by the court, because the sum to be paid was not inserted, and the order in question immediately entered.

RAY, J.—The agreed abstract of the record in this cause is as follows, to-wit:

" In the year 1859 Susannah Richardson died and Elwood B. James became the executor of the last will and testament of deceased. Afterwards, in the year 1860, Elwood B. James died testate, and D. S. Holman, W. G. Bulgin and M. M. James became his executors, and entered into a joint bond as such executors, and proceeded to exe-

cute said trust. On the 12th day of July, 1867, the county court of Jasper county, on a settlement between respondent and the executors of Elwood B. James, deceased, found by its order, entered of record, that said Elwood B. James at the time of his death was indebted to the estate of said Susannah Richardson in the sum of $2,683.03 on account of assets of said estate which came to his hands as such executor. In August, 1868, the letters of executorship of W. G. Bulgin were revoked by the county court of Jasper county, and thereafter Holman and James acted as joint executors until in May, 1876, the letters of Holman were revoked by the common pleas court of Jasper county, and M. M. James was appointed sole executor, and ordered to give a new bond. That the bond sued on was given by James as sole executor, and the other appellants as securities, on the 29th day of May, 1876, and, at the same time and on the same day, said James made a settlement in said common pleas court showing a balance in his hands of $444,84, which was approved by the court. The same settlement shows that said executor, M. M. James, had paid to the heirs and legatees of Elwood B. James $3,653.93 since the allowance of plaintiff's demand, and for which he demanded and took credit. At the same time the court made an order requiring said James to pay the balance unpaid of plaintiff's demand, but did not fix the amount to be paid, and on motion of M. M. James, the executor, said order was set aside and another was immediately entered setting forth the amount ascertained to be due and unpaid on the demand on the 13th day of June, 1876, in the sum of $2,-523.94. This was all done on adjourned days of the April term of said court. No notice was given to James, who testified he knew nothing of the making of said order until long after the time had elapsed.

On the 11th day of November, 1876, the letters of executorship of M. M. James were revoked, and Thomas Buckbee, public administrator, was appointed his successor, and immediately brought suit on the bond of James, Car-

ter and Walser, and on October 4th, 1878, recovered judgment in the circuit court of Jasper county for $581.09, and afterwards this suit was brought, to-wit : October 9th, 1878.

Upon this record, the appellants insist that the sureties in the bond sued on are only liable for the amount of funds in the hands of the executor at the date of the bond, and such as might thereafter come into his hands as such ; and that in no event, are they liable for any default or misconduct of the executor, occurring anterior to the date of said bond. Appellants also insist that the settlement of the probate court of Jasper county, of the 12th of July, 1867, was not a judgment or demand against the estate of Elwood B. James, deceased, and if it was, that it was barred by the statute of limitations ; and further, that the court had no power or jurisdiction to make the order of June the 13th, 1876, requiring the executor to pay the balance of plaintiff's demand, due and unpaid on the settlement of July 12th, 1867; and if it had, that said order was void for want of notice to said executor. Appellants further contend that the judgment of the Jasper circuit court, of the 4th of October, 1878, recovered by Buckbee, as successor of said James in a suit on the bond in question, is a bar to this action.

In the first place, it may be well to recur to the conditions of the bond sued on, which the record shows to be as follows : " That if M. M. James, executor of the last will of Elwood B. James, deceased, shall faithfully execute the said will, account for all money and property that shall come into his hands, as the property of the deceased, according to the provisions of said will; and perform all other things touching said executorship required by law, or the order or decree of any court having jurisdiction, the above bond to be void, otherwise to remain in full force." By the terms of the bond, it will be observed that the executor, (for whose default the sureties are liable) not only bound himself to account for all money and property that should come into his hands as the property of the deceased,

**33—82**

according to the provisions of the will, but also, bound himself to "perform all other things touching such executorship, required by law, or the order or decree of any court having jurisdiction." The breach of the bond complained of in this case as shown by the record, was that the defendant, James, had failed, neglected and refused to pay plaintiff the said sum of money, so ordered and required to be paid by said order of June 13th, 1876. If, therefore, the court had jurisdiction to make the order, it is final in its nature and binding on the executor with notice, so long as the same remains unappealed from and unset aside for fraud or otherwise, and if binding on the executor, it is conclusive on his sureties also. There is no pretense that said order was appealed from, or otherwise set aside.

The recovery, also is shown to be for a default of the executor, occurring subsequent to the date of the bond sued on, and for which the sureties in said bond are clearly liable. The condition of said bond, as has been seen, was that said executor should, besides other specified duties, also "perform all other things touching said executorship required by law, or the order or decree of any court having jurisdiction." To hold the sureties, therefore, concluded by the order in question, is but holding them to their agreement. This point has repeatedly been ruled by this court. *Taylor v. Hunt*, 34 Mo. 208; *State v. Holt*, 27 Mo. 340; *State ex rel. v. Rucker*, 59 Mo. 24; *Dix v. Morris*, 66 Mo. 514; *State ex rel. Frost v. Creusbauer*, 68 Mo. 254. Section 47 of art. 1, of the administration law, 1 Wag. St., page 77, provides that, " If any executor or administrator die, resign, or his letters be revoked, he or his legal representatives shall account for, pay and deliver to his successor, or to the surviving or remaining executor or administrator, all money, real and personal property of every kind, and all rights, credits, deeds and evidences of debt, and such papers of every kind, of the deceased, at such times and in such manner as the court shall order, on final settlement with such executor or administrator, or his legal representatives." The settle-

ment of July the 12th, 1867, manifestly was made by the authority, and in discharge of the duty imposed on said executors, by said section; and, as the record shows, on their application. The settlement so made, is, therefore, clearly within the jurisdiction of the court, is final in its nature, and has the force and effect of a general judgment. *Seymour v. Seymour*, 67 Mo. 303. Nothing whatever remained for the court to do in that behalf, except to order the executor to pay the amount so found due to the plaintiff, and nothing whatever was left for the executor except to comply with the order when so made. That order might have been made at the time of the settlement, or thereafter, so long as the same or any part thereof remained due and unpaid.

Said order of the 13th of June, 1876, requiring said payment, as shown by the record, is for the balance due and unpaid on the settlement of the 12th of July, 1867, and reads as follows : "Now at this day appearing to the court, from the settlement of M. M. James, executor of E. B. James, deceased, that there is sufficient money in the hands of said executor, M. M. James, to pay the demand against said estate; it is ordered by the court, that M. M. James, executor aforesaid, pay to B.W.W. Richardson, administrator of the estate of Susannah Richardson, deceased, the sum of $2,523.94, being the balance on the demand allowed July 12th, 1867, for $2,683.07 cents." The entry is in the nature of a judgment, as well as an order. It ascertains the amount of the balance due, on the original settlement and orders its payment to the plaintiff.

The first entry made by the court on this occasion it seems, was "an order requiring said James to pay the balance, unpaid on plaintiff's demand, but did not fix the amount to be paid, and on motion of M. M. James, the executor, said order was set aside, and another order was immediately entered, setting forth the amount ascertained to be due and unpaid to the demand, on the 13th day of June, 1876, in the sum of $2,523.94." From this statement, we

think, it is clearly to be held that James was present in court when the first order was made and had notice thereof, and made a motion to set the same aside. We think, also, that it is clearly to be held, that the action of the court in setting aside the first order and the entry of the second, is to be taken and considered as one entire transaction, the object of which appears to have been to make that certain which before was uncertain, and that in contemplation of law, he is chargeable with notice of the disposition of his motion and what followed immediately thereon, as a part of the same transaction. The fact, if such was the case, that the motion may have been filed on one day and disposed of on another day of the same term, we think, under the circumstances should make no difference, as he is chargeable with notice of its disposition, whether occurring on the same, or another day of the same term, especially, when as in this case the action of the court in sustaining his motion and the entry of the new order modifying the old, was practically one and the same transaction.

We think this order was, also, clearly within the jurisdiction of the court, and that the executor is chargeable with notice thereof, and that it was wholly unnecessary to give him any formal or other notice, than that which the law, under the circumstances imputes to him. This order also, is final in its nature, and remaining unappealed from and unsetaside for fraud or otherwise, is binding upon the executor, and conclusive on his sureties and cannot be attacked or impeached in a collateral proceeding like this. Whatever objection or defense the executor may have had to it, if any should have been made in the probate court, when the order was made and if unavailing then, he should have appealed therefrom, and in default thereof is concluded thereby. *Dix v. Morris*, 66 Mo. 514; *State v. Holt*, 27 Mo. 340; *State v. Rucker*, 59 Mo. 17; *Taylor v. Hunt*, 34 Mo. 205; *State ex rel. Frost v. Creusbauer*, 68 Mo. 254; *Herndon v. Hawkins*, 65 Mo. 265; *Holt Co. v. Harmon*, 59 Mo. 166;

*Bailey v. McGinnis,* 57 Mo. 362; 56 Mo. 28; 51 Mo. 241, and 436.

The remaining objection, that the judgment of the Jasper circuit court of October 4th, 1878, recovered by Buckbee, as successor to said James, against the executor and his sureties in a suit on the bond in question, is a bar to this action, is we think, not well taken. It does not appear by the abstract, that the subject matter of this action was in any way involved in the Buckbee suit. Any and every party injured by the breach of the bond may recover damages therefor. § 9, art. 8, administration law, 1 Wag. St., p. 118. Section 47 of article 1, 1 Wag. St., page 77, imposes upon the legal representatives of a deceased executor, or administrator in a case like this, a special duty, in addition to that resting on an ordinary executor or administrator. By this section it is made his special duty " to account for, pay and deliver to the successor of such executor or administrator, all moneys, property, etc., of the deceased at such times, and in such manner as the court shall order," on final settlement with his legal representative. The only remaining duty of such legal representative in that behalf, as we have seen, is to comply with said order when made. After that, however, he proceeds with the administration of the estate belonging properly to the deceased, in the ordinary way. The latter is the principal, the former an incident. For aught that appears to the contrary, the suit of Buckbee, as successor to James, was to recover the balance of the estate belonging properly to the original executor, and not that due from him to his testator, or his successor, in such executorship. Most likely, such was the fact in this case. Other objections mentioned in the briefs of counsel, are not deemed material to the proper disposition of the case.

We fail to discover any error in the record and the judgment of the trial court is affirmed. **All concur.**